Shackelfoed, J.,
delivered the opinion of the Court.’
This hill was filed in the Chancery Court at Jones-borough. The facts necessary to understand the principles involved, are substantially as follows: ’ Nancy Lowry, the wife of the complainant,: is the mother of ah illegitimate child, at' the time of the filing of the bill, about nineteen years of age. On the 8th day of Ma'y, 1860, she entered into a contract with the defendants,' by which she bound’ her son to them until he was twenty-one years of age, to' learn the tinner’s trade. By the terms of the ’ contract, the boy ’ was to óbéy all lawful-commands/ and do his duty as an apprentice. The- defendants, oh their part, bound themselves to teach him’ the trade, and agreed to furnish him with board and suitable clothing; and’ at the expiration of the time, to’ give him’ three mohths’ schooling, and a suit 'of clothes worth thirty dollars. ' The bond was duly signed 'by the defendants and Nancy Lowry, the complainant/ Upon its execution, the boy, William, entered into their service and faithfully " discharged his duties for 'twelve months. At the' expiration of that time, they dismissed- him, without ’ cause on his part. ■ The bill is -filed' to enforce a specific performance, of: thé contract,, or to recover damages for the breach,' etc., etc. '' ' ■ -
The ' defendants answered the bill, anid : in their answer,-'insisted upon a demurrer, and assigned' as a cause, that the said suit' was, in substance, an action' of covenant upon an-'instrument, which, according to’-the showing of the complainants, is void as a" deed, and if théy have any remedy, it is plain and adequate at-, law. In *372 tbeir answer, they admit the contract; that the complainant was a feme covert when it was made; that the boy entered into their service and remained with them twelve months; but, in consequence of the civil war, the ports of the South were closed, and they were unable to procure materials to conduct their business; by reason whereof, they discharged him.
The Chancellor disallowed the demurrer, and directed an account to be taken of the services of the boy while he remained in the possession of the defendants; also, the damage the complainants had sustained by reason of non-performance of the covenant, reserving the question of the liability of the defendants upon it, until the coming in of the report. It was taken in pursuance of the decree. From the report based upon the testimony, it appears the services of the boy were not worth more than his board and clothing, during the year of his apprenticeship. The Chancellor dismissed the bill.
The first question presented, arises on the demurrer embraced in the answer.
To determine this question, it becomes necessary to look to the facts of the bill, and the state of the pleadings, and the several sections of the Code regulating the Chancery practice. By the provisions of sec. 4318, the defendant may incorporate all matters of defense in his answer, and he is not required to plead specially in any case, except to the jurisdiction of the Court. By sec. 4319 of the Code, he is not required to demur, except for want of jurisdiction of the subject matter, or the person; but may have all the benefits of a demurrer by relying thereon in his answer. By sec. 4321, *373 the filing of an answer, is the waiver of objection to the jurisdiction of the Court, and the cause shall' be heard and determined on its merits, though of legal cognizance.
By these several sections, when the defendant seeks to raise the objection to the jurisdiction oí the Court to the subject matter, or of the person, he must plead specially, or file his demurrer; he cannot rely upon the benefits of a demurrer in his answer. If he elects to answer, reserving the benefits of a demurrer, it is a waiver of the jurisdiction; and the Court, under the provisions of the section referred to, is bound to take jurisdiction, though the subject matter be of legal cognizance. Though the complainants had a plain and adequate remedy at law, the defendants having elected to answer, the Court acquired jurisdiction, and was compelled to adjudicate the rights of the parties. It follows, therefore, there was no error in disallowing the demurref. It appears from the record, the complainant, Haney, was, at the execution of the contract, a feme covert; the suit is prosecuted by her and her husband; she had the control of the boy at the time he was apprenticed; he was no party to the agreement. By the terms of the contract, he was to serve until he was twenty-one years of age. Upon the execution of the contract, he entered into the service of the defendants, and discharged his duty with fidelity for twelve months, when he was dismissed' without cause on the part of the complainant or the boy. The boy having arrived at twenty-one years of age when the decree of the Chancellor was pronounced in this cause, a specific execution of the contract *374 could not 'be enforced.;b But .the :defendants 'having entered into a • .contract, to receive" the boy: into their possession ,'and 'teach him. the, art .and ■ mystery .of 'the tinner’s trade, and give him three months’ schooling and ■a'suit: of clothes ' worth .thirty dollars* are responsible for the-, nob,-performance of -the contract.1 ' The complainant, Nancy, being a feme, ectvert, was ...incapable of bindr ing herself; but it-does; not--follow, .that the, contract is illegal or void. ■ A married,-woman,, during1: coverture; eanno.t, render herself personally ' responsible; . yet, if . a contract be, made with her upon ¡ good . consideration,, the husband may, if he please,' take' a<Jyantage' of it, ,and .recover in an action.upon. it, making .her'; a co-plaintiff in the .suit:.-Story on , Contracts,; sec. 92. This principle was settled by .this Court, in the, case of Catron vs. Warren & Moore, 1 Coldwell, 358. They say: “In, the casé. of. a deed . entered ,'into, by;..the: wife; in.,-her ow.n name, ofthe, one,- part,. and. the 'plaintiff -of.-.-theother part,.-thp. .covenants entered into, by the; wife,- cannof.b'O enforced..,either, against.-hpr . or. her, husband, although the, covenant' entered,.into . with, hereby .the - other; party to! the dé.ed,-j:may be., enforced',as, against, him* .ip ‘a, joint action-by .the husband and-wife/’-. rlt follows;,, therefore^ upon-authority,, .though .MirSf'iBowry, at the executionof the.- covenant,, was ^a..married Ovoman,• the- covenants :en? tered! into.by.' thé- defendants .-.jvith; .her, were binding, on them,, and. .she, with .'her, husband, can -rnaintain the, action for .the non-performance of; the covenants.; '. .
j. It is .-insisted, for the. defendants, - in ■ consequence • of the, late civil,.- war. closing, the, ports;, of'.the Southern States by, the ' Government, they, were (unable ..to, obtain *375 .the necessary material and supplies to carry on- tbeir business, and are, therefore, excused from the performance of their covenant.- . A party is not ordinarily bound to the performance of his contract, unless it be both possible and legal in its’ nature. If a party, by his contract, create a duty or . charge upon himself, he is bound thereby, notwithstanding the occurrence of. any contingency, because he ought to have provided against it. If, therofore, he , contract to perform any. thing which is • possible, at the time when the contract is made, ■ but afterwards it becomes an impossibility, he is liable for the damages resulting from the non-performance: 5 Sneed, 681. The rule is-: “If the obligation.be imposed on a party by law, and does not arise, from the .contract, if it b.e rendered impossible afterwards, by the act of God, or the Government, he will be excused from the .performance of it:” Story on Contract's, sec. 975, and authorities cited. . Upon the. execution of thé contract in' this ease, ■ the son of • the complainant,- Mrs. Lowry,' having entered into the ' service ' of the. , defendants as an...apprentice, and,served them ..with. fidelity for twelve months, and they having discharged him-, without cause, they are not excused by the act of the Government in closing the ports of the Southern States, and was no justification of them in discharging the apprentice. The contract was both possible and legal in its nature, and for the non-performance of it, they are liable in damages.
We think the decree of the Chancellor was not sufficiently comprehensive. The rule of law is: “Where a party enters into a contract for personal services, and *376 Raving performed a part, without the' consent or default of the other party, voluntarily abandons the contract, he cannot maintain an action on an implied, assumpsit for work and labor performed. So, on the other hand, if he be discharged from service without sufficient cause, by the party in whose employment he is, he will be entitled to recover in wages, not only for the labor he has actually performed, but to the full extent stipulated in the contract:” 1 Sneed, 622; 2 Coldwell, 623.
It follows, therefore, the defendants having entered into the covenant with Mrs. Lowry, and having received her son as an apprentice in their service, and at the period of twelve months, discharged him without reasonable cause, have violated their covenant in not teaching him the art and mystery of the tinner’s trade, and in not giving him the schooling and suitable clothing stipulated in the covenant, and are liable in damages.
The decree of the Chancellor will be reversed; a decree will be entered in conformity with principles settled in this opinion. The cause will be remanded; the proper accounts will be taken, to ascertain the damages, etc.